UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERICH R. R., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-04738-JRS-TAB |
| ) | |
| NANCY A. BERRYHILL Deputy Commissioner ) | |
| for Operations, Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S REQUEST FOR REMAND**

**I.   Introduction**

Plaintiff seeks remand of the Administrative Law Judge's decision denying her disability benefits. Plaintiff's appeal rests on two arguments: 1) the ALJ failed to articulate his application of Social Security Ruling 16-3p, which concerns how ALJs evaluate statements regarding a claimant's symptoms, and 2) the ALJ failed to properly consider the opinion of Plaintiff's treating physician under SSR 96-2p, which requires the ALJ to give deference to a treating physician's opinion. The Deputy Commissioner responds that the ALJ adequately supported his determination that Plaintiff's symptoms were not as severe as he claimed, and the ALJ adequately explained his reasoning for giving greater weight to the examining physician over the treating physician. Though it is true the ALJ did not explicitly walk through the factors of either ruling factor-by-factor, Plaintiff fails to show the ALJ's decision is not supported by substantial evidence. Therefore, Plaintiff's request for remand [Filing No. 12] should be denied.

**II.   Background**

Plaintiff sought disability insurance benefits alleging disability beginning on April 1, 2012. The Social Security Administration denied his request initially and again upon

reconsideration. Following a hearing, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council upheld the ALJ's decision. Plaintiff now asks the Court to remand the decision to the ALJ for reconsideration.

The ALJ followed the SSA's five-step process for evaluating disability claims. *See* 20 C.F.R. § 404.1520(a) (explaining the five-step process). At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ found Plaintiff had four severe impairments: low back pain, a history of ascending aortic aneurysm, moderate depressive disorder, and a history of alcohol use disorder. At step three, the ALJ determined that none of the severe impairments met or medically equaled any of the impairment listings in 20 C.F.R. pt. 404, sub pt. P, app'x 1. Before moving on to step four, the ALJ determined Plaintiff's residual functional capacity:

> [Plaintiff] had the [RFC] to perform sedentary work as defined in 20 C.F.R [§] 404.1567(a) except: He is able to lift, carry, push or pull ten pounds occasionally and less than ten pounds frequently. He is able to sit for six hours during a typical eight-hour workday with normal work breaks. He is able to stand for fifteen to thirty minutes at one time and for two hours in a normal workday. He is able to walk for fifteen to twenty minutes at one time and for two hours in a normal workday. He is not able to climb ladders, ropes or scaffolds, but he is able to climb ramps or stairs occasionally. He is able to balance, stoop, crouch, kneel or crawl occasionally. He is able to reach frequently, but not constantly. He must avoid exposure to hazards such as unprotected heights or dangerous moving machinery. He must avoid concentrated exposure to pulmonary irritants such as fumes, smoke, gases and the like.

[Filing No. 7-2, at ECF pp. 39-40, R. at 38-39 (internal footnote omitted).]

At step four, the ALJ found Plaintiff was not able to perform past relevant work as either a bartender or as an optician. However, at step five, the ALJ noted that Plaintiff was a younger individual (between age 45 and 49) on the onset date, had at least a high school education, and could communicate in English. Based on these factors and Plaintiff's RFC, the ALJ determined

Plaintiff was capable of performing jobs that exist in significant numbers in the national economy. Thus, the ALJ decided Plaintiff was not disabled.

**III.    Discussion**

The Court reviews the ALJ's decision to ensure it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017). However, an ALJ's decision is not supported by substantial evidence if the Court cannot follow the ALJ's reasoning from the facts to the conclusion. *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013). The Court reads the ALJ's decision as a whole, giving it "a commonsensical reading rather than nitpicking it." *Castle v. Astrue*, 617 F.3d 923, 929 (7th Cir. 2010).

   **a.  Social Security Ruling 16-3p**

Plaintiff first argues the ALJ's decision is not supported by substantial evidence because the ALJ failed to comply with SSR 16-3p, which "provides guidance about how [ALJs] evaluate statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims." In seeking disability benefits, Plaintiff testified that his degenerative disc disease and tachycardia cause disabling symptoms. Plaintiff contends the decision provides little application of SSR 16-3p and fails to provide an acceptable discussion of the evidence. [Filing No. 12, at ECF p. 20.] Plaintiff further claims the ALJ erroneously relied solely on objective medical evidence to discredit Plaintiff's alleged symptoms. The Deputy Commissioner responds that, while the ALJ focused on the extensive medical evidence that contradicted Plaintiff's claims, the ALJ also addressed other evidence and the relevant factors.

3

In evaluating a claimant's symptoms, ALJs are to "examine the entire case record, *including the objective medical evidence*; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p (emphasis added). Under SSR 16-3p, ALJs no longer assess claimants' credibility, but "continue to assess the credibility of pain *assertions* by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original). When evaluating those assertions, ALJs consider (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of pain or other symptoms, (3) factors that precipitate and aggravate symptoms, (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms, (5) treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms, (6) any measures other than treatment the claimant uses or has used to relieve pain or other symptoms, and (7) any other factors. SSR 16-3p. Rather than formulaically addressing each factor, ALJs need only consider the ones relevant to the claimant's case. SSR 16-3p ("[The ALJ] will consider other evidence to evaluate only the factors that are relevant to assessing the intensity, persistence, and limiting effects of the individual's symptoms.").

When weighing evidence, ALJs need only "minimally articulate" their reasoning. *Filus v. Astrue*, 694 F.3d 863, 869 (7th Cir. 2012). Because ALJs are in the best position to ascertain the accuracy of claimants' statements about their symptoms, the Court will not overturn the ALJ's decision unless it is "patently wrong." *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir.

4

2012).  A determination is patently wrong if it "lacks any explanation or support." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

Contrary to Plaintiff's contentions, a review of the ALJ's decision shows sufficient discussion and support.  Though it would have been easier to follow the ALJ's analysis had he expressly listed the relevant factors and tied his reasoning directly to them, his decision is nonetheless supported.  The ALJ spent considerable time discussing objective medical findings that contradict Plaintiff's statements.  While the ALJ cannot rely solely on objective medical evidence, *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009), the ALJ did not have to ignore the consistently normal test results for Plaintiff's lower back and the relative infrequency of episodes related to his tachycardia.  The ALJ noted that Plaintiff's fusion procedure was "remote," with more recent evaluations finding solid fusion and no signs of nerve root compression.  [Filing No. 7-2, at ECF p. 41, R. at 40.]  The ALJ also noted that Plaintiff had normal gait, normal motor strength, intact sensation, and symmetric reflexes, as well as the fact that Plaintiff acknowledged that no physician recommended he observe the restrictions he followed.  [*Id.* at ECF pp. 37-38, 41, R. at 36-37, 40.]  A physical examination by neurosurgeon J. Depowell, MD, "revealed [Plaintiff] to be in no obvious distress."  [*Id.* at ECF p. 38, R. at 37.]  The ALJ also pointed to the opinion of examining physician James McKenna, MD, who reviewed Plaintiff's full medical record and concluded Plaintiff had a good result from his back surgery and there was "no clear evidence of a condition that would be a pain generator at this time."  [*Id.* at ECF p. 40, R. at 41.]

Regarding his heart problems, the ALJ acknowledged Plaintiff had a successful surgery to repair an aneurism, and his recovery was "fairly uneventful except for episodes of neurocardiogenic syncope with vague episodes of tachycardia and palpitations."  [*Id.* at ECF p.

39, R. at 38.] The ALJ noted that, despite claiming to be "fairly active," Plaintiff had only three episodes of syncope, one was "after an evening of heavy drinking," and two occurred after sudden standing. [*Id.*] The ALJ concluded "the evidence indicates that the problems associated with tachycardia can be minimized by life[-]style modifications." [*Id.* at ECF p. 41, R. at 40.]

Contrary to Plaintiff's assertions, the ALJ did not solely rely on the objective medical evidence. The ALJ considered Plaintiff's daily activities. [*Id.* ("[Plaintiff] lives alone and he is able to use public transportation, care for his personal needs and do household chores, although his friend occasionally helps him.").] The ALJ considered aggravating factors. [*Id.* (coughing can lead to syncope; possible substance abuse; and high doses of calcium channel blocking medications).] The ALJ considered Plaintiff's non-medicinal treatment. [*Id.* at ECF p. 37, R. 36 ("[Plaintiff] advised a physician that he had gone to therapy for a few sessions, but he had had difficulty with scheduling issues." ); *Id.* at ECF p. 41, R. at 40 ("[Plaintiff] acknowledged that no physician has recommended that he observe the restrictions that [Plaintiff] alleges he has.").] The ALJ also noted that Plaintiff told his doctor he was "fairly active." [*Id.* at ECF p. 39, R. at 38.] Plaintiff does not argue any unaddressed factor is relevant or would have led the ALJ to a different conclusion.

Plaintiff also includes several undeveloped arguments that are not persuasive. Plaintiff argues the ALJ cannot ignore evidence and cherry-pick facts, but Plaintiff fails to point to any evidence the ALJ supposedly ignored. Without comparing any facts, Plaintiff claims this case is in line with *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010), where the ALJ apparently thought the plaintiff was "faking it." However, in *Parker* the Seventh Circuit noted, "The professionals who have examined [the plaintiff] were unanimous that she has severe, nearly constant, debilitating physical pain, and two of them advised that she can barely walk." *Id.* at

921. This professional consensus is undeniably absent in this case, and Plaintiff points to nothing in the record suggesting the ALJ thought Plaintiff was "faking it." Plaintiff asks, "How would a sedentary job fix [Plaintiff's tachycardia]?" [Filing No. 12, at ECF p. 23.] But Plaintiff then answers his own question in citing Dr. McKenna's conclusion that a sedentary posture would allow Plaintiff to tolerate tachycardia without it affecting his ability to work. [*Id.* (citing Filing No. 7-2, at ECF p. 94, R. at 93).] Plaintiff posits that this conclusion is purely speculative, but offers no evidence to contradict or otherwise undermine the medical opinion.

Thus, the ALJ did not simply reject Plaintiff's alleged symptoms as not credible. The ALJ compared them to the rest of the record and determined they were "not entirely consistent with the medical evidence and other evidence." [Filing No. 7-2, at ECF p. 41, R. at 40.] The ALJ could have been more deliberate in his analysis of the factors in SSR 16-3p, but the ALJ did not commit reversible error.

b. **Social Security Ruling 96-2p**

Plaintiff argues the ALJ failed to recognize that Plaintiff's treating physician's opinion was entitled to deference under SSR 96-2p, and that the ALJ failed to articulate his analysis of the factors under SSR 96-2p, making meaningful review impossible.[1] Plaintiff argues that, even when not assigned controlling weight, treating physicians are entitled to deference, and the ALJ failed to articulate his reasoning for why the opinion of treating physician Ann Zerr, MD, was given less weight than Dr. McKenna's. The Deputy Commissioner responds that the ALJ provided "good reasons" for assigning less weight to the treating physician, as required by SSR 96-2p and 20 C.F.R. § 404.1527(c). The Deputy Commissioner further contends the ALJ

---

[1] The SSA rescinded SSR 96-2p, but the rescission is only effective for claims filed on or after March 27, 2017. RESCISSION OF SSRS 96-2P, 96-5P, & 06-3P, 2017 WL 3928305 (Mar. 27, 2017). Thus, SSR 96-2p applies because Plaintiff filed his claim on April 8, 2014.

7

properly assigned greater weight to Dr. McKenna than to Dr. Zerr, as demonstrated by the ALJ's parsing of the opinions. Much like with SSR 16-3p, the ALJ's decision would have better conformed to the ruling had the ALJ more overtly tied his reasoning to the factors. Nonetheless, the ALJ's decision is well supported, and Plaintiff's request for remand should be denied.

The ALJ did not err when he determined Dr. Zerr's opinion is not entitled to controlling weight. "A treating physician's opinion about the nature and severity of the claimant's impairment is normally given controlling weight so long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is consistent with substantial evidence in the record." *Moss v. Astrue*, 555 F.3d 556, 560 (7th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2); citing *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir.2008)). As the ALJ noted, Dr. Zerr "d[id] not cite any clinical findings to support [her] assessment." [Filing No. 7-2, at ECF p. 42, R. at 41.] This lack of support is particularly glaring because, as the Deputy Commissioner points out, the form Dr. Zerr completed specifically instructs in all capital letters that the SSA "WILL EVALUATE THE EXTENT TO WHICH YOUR ASSESSMENT IS SUPPORTED BY OBJECTIVE MEDICAL FINDINGS." [Filing No. 8-24, at ECF p. 8.] Without support, Dr. Zerr's opinion is not entitled to controlling weight.

However, this is not the end of the analysis. Even when a treating physician's opinion is not entitled to controlling weight, "[i]t may still be entitled to deference and be adopted by the adjudicator." SSR 96-2p. In assessing what weight to give a non-controlling treating physician's opinion, the ALJ must provide "good reasons." *Luster v. Astrue*, 358 F. App'x 738, 740 (7th Cir. 2010). Specifically, the ALJ "must consider the length, nature, and extent of the treatment relationship; frequency of examination; the physician's specialty; the types of tests performed; and the consistency and support for the physician's opinion." *Larson v. Astrue*, 615

F.3d 744, 751 (7th Cir. 2010). ALJs do not have to explicitly address every factor; only the relevant ones. *See Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013); *Henke v. Astrue*, 498 F. App'x 636, 640 n.3 (7th Cir. 2012). In analyzing the relevant factors, ALJs need only "minimally articulate" their reasoning. *Filus v. Astrue*, 694 F.3d 863, 869 (7th Cir. 2012). Ultimately, the Court "upholds all but the most patently erroneous reasons for discounting a treating physician's opinion." *Luster*, 358 F. App'x at 740.

Plaintiff argues that the ALJ is required to explicitly address each factor. However, the cases he cites do not reach that conclusion. The first case reverses the ALJ for entirely failing to consider any of the factors. *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009). The other case only says the ALJ "should" have addressed the factors, and likewise reversed the ALJ for entirely failing to address them. *Scrogham v. Colvin*, 765 F.3d 685, 697-98 (7th Cir. 2014). Further, requiring the ALJ to explicitly discuss even irrelevant factors would be inconsistent with the Seventh Circuit's repeated rejections of needless formalities. *Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015); *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004).

In determining Plaintiff's RFC, the ALJ compared Dr. Zerr's opinion with Dr. McKenna's and adopted elements of both. Notably, Dr. Zerr and Dr. McKenna agreed on much. They both concluded: Plaintiff has a limited ability to lift, carry, push, and pull (though Dr. McKenna opined Plaintiff had greater limitations than Dr. Zerr); Plaintiff is able to reach frequently; Plaintiff cannot climb ladders, ropes, or scaffolds, but can climb ramps or stairs occasionally; and Plaintiff should avoid pulmonary irritants, such as fumes, smoke, gases and the like. [*Compare* Filing No. 7-2, at ECF p. 41, R. at 40 *with id.* at ECF p. 42, R. at 41.]

Where they disagreed, the ALJ explained his decision to adopt Dr. McKenna's opinion over Dr. Zerr's. Notably, the ALJ adopted Dr. Zerr's greater limitation on Plaintiff's ability to

9

lift, carry, push, and pull. [*Compare* id. at ECF p. 39, R. at 38 *with* id. at ECF p. 42, R. at 41.] The ALJ adopted Dr. McKenna's opinion regarding Plaintiff's ability to sit, stand, and walk during an eight-hour workday, noting that Dr. Zerr did not offer an opinion, except that she did not think Plaintiff needed to elevate his legs. [*Id.* at ECF p. 42, R. at 41.] With regard to Plaintiff's ability to kneel, crouch, crawl, or stoop, the ALJ adopted Dr. McKenna's opinion that Plaintiff can do those things occasionally because "[t]here is no reason to believe [Plaintiff] can 'never'" do those things. [*Id.*]

The biggest difference between the doctors' opinions is that Dr. Zerr opined that Plaintiff's pain is severe enough that Plaintiff could not concentrate 25% of the time and that he would miss work more than four days a month. In contrast, Dr. McKenna concluded there was "no clear evidence of a condition that would be a pain generator at this time." [*Id.* at ECF p. 41, R. at 40.] The ALJ concluded Dr. Zerr's opinion was "purely speculative" while Dr. McKenna's opinion was "well supported by clinical and laboratory findings," as well as "cogent explanations." [*Id.* at ECF p. 42, R. at 41.] The ALJ emphasized that Dr. McKenna reviewed all of the medical evidence and listened to Plaintiff's testimony at the hearing. [*Id.*] On the other hand, Dr. Zerr was not present for the hearing, and it is not clear whether she reviewed all the relevant medical evidence, as she did not cite any in her assessment. As the Deputy Commissioner notes, the ALJ's conclusion is confirmed by the record, which does not show frequent absences or medical treatment that would require Plaintiff to miss work. And as discussed above, the ALJ noted Plaintiff told one physician he was "fairly active," and another physician concluded Plaintiff was "in no obvious distress." [*Id.* at ECF pp. 38-39, R. at 37-38.]

While the ALJ framed his discussion of the doctors' opinions as a comparison, rather than framing it by the factors listed in SSR 96-2p, the Court can readily discern the bases for the

10

ALJ's decision to give more weight to Dr. McKenna. Out of the list of factors from SSR 96-2p, it is clear that the ALJ found Dr. Zerr's opinion to be unsupported and much less consistent with the record than Dr. McKinna's. These factors plainly outweigh the others, and as with SSR 16-3p, Plaintiff does not point to any relevant factor that went unaddressed or would have changed the ALJ's decision. Contrary to Plaintiff's contention, the ALJ's analysis of the doctors' opinions has enough detail and clarity to permit a meaningful review of his decision. [Filing No. 12, at ECF p. 27 (citing *Scrogham v. Colvin*, 765 F.3d 685, 695-97 (7th Cir. 2014)).]

### IV. Conclusion

Plaintiff's request for remand [Filing No. 12] should be denied. As discussed above, the ALJ adequately considered Plaintiff's statements under SSR 16-3p. The ALJ's analysis of Dr. Zerr's opinion likewise is sufficient. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Absent a showing of good cause, failure to file objections within 14 days after service shall constitute a waiver of subsequent review.

Date: 1/22/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.